IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SAMUEL BIRDTAIL, SR.,<br>　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　Defendant. | CV 25-40-GF-JTJ<br><br>**ORDER SETTING SETTLEMENT CONFERENCE** |
| JOEY AGOSTO, individually and as Personal Representative of the Estate of Selena Agosto,<br>　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　Defendant. | CV 25-25-GF-JTJ |
| VICTOR FOURSTAR,<br>　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　Defendant. | CV 25-41-GF-JTJ |
| WINNIFRED SCHAFER, individually and as Personal Representative of the Estate of Anthony Friskey,<br>　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　Defendant. | CV 25-28-GF-JTJ |

**IT IS HEREBY ORDERED** that the undersigned will conduct a settlement

conference in the above-captioned cases on **April 10, 2026 at 9:00 a.m.**  Counsel

and the parties shall report to the Mike Mansfield Federal Courthouse, 400 N. Main Street, Butte, Montana.

It is the responsibility of counsel to ensure that each named party is present in person with ultimate settlement authority at the settlement conference, unless the party has fully delegated settlement authority to a representative, or the party's authority is not otherwise required to settle the matter. The person with ultimate settlement authority must be knowledgeable about the facts of the case and have the discretion to alter the party's settlement position based on discussion and negotiation at the settlement conference.

A fully insured party need not attend unless the settlement decision will be made in part by the insured. A governmental entity shall send a representative authorized to act on its behalf. If a corporation is named, or if an insurance carrier is involved, then the representative with ultimate settlement authority for said corporation and/or insurance carrier shall be present in person at the settlement conference.

Failure to comply with the conditions set forth above, including appearance in person with all necessary settlement authority and discretion, or failure to negotiate in good faith, may result in imposition of sanctions and/or costs of the conference. *See* Local Rule 16.5(b)(4)(B).

Settlement conferences are often more efficient and productive if the parties have exchanged demands and offers before the conference.  Before arriving at the conference, at least one specific proposal and one counter proposal shall be exchanged.

**IT IS FURTHER ORDERED** that on or before **April 3, 2026** the respective parties must submit to the undersigned, a confidential settlement statement setting forth:

1.      the names of all persons, including counsel, who will attend and participate in the conference on behalf of the named party, and identification of the person with ultimate settlement authority;

2.      a recitation of the facts (or reference to appropriate document and pages of the Court's record);

3.      a discussion of the strengths and weaknesses of the case;

4.      a report on settlement efforts to date; and

5.      any and all further information the parties believe will be helpful to the undersigned in conducting the mediation.

The brochures shall not be exchanged among the parties nor become part of the formal court record.  The brochures shall not exceed twenty (20) pages in length, excluding exhibits.  The brochures must be double-spaced and typewritten in 14-point font size.

The brochures should be submitted to Judge Cavan's chambers via email to **tjc_propord@mtd.uscourts.gov**.  If a brochure exceeds 20 pages in length, including attachments and exhibits, a courtesy copy must be delivered directly to chambers at 2601 2nd Avenue North, Suite 5500, James F. Battin Federal Courthouse, Billings, Montana, 59101.

DATED this 26th day of February, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge