IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOEY AGOSTO, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SELENA AGOSTO, | CV-25-25-GF-JTJ |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.  INTRODUCTION

On April 3, 2025, Plaintiff Joey Agosto, (Agosto) Personal Representative of the Estate of Selena Agosto, (Selena) filed a Complaint against Defendant United States of America (USA). (Doc. 1).   Agosto's Complaint alleges that in 2023, Selena was incarcerated at the Fort Peck Adult Correctional Facility and was denied insulin causing her health and physical condition to deteriorate. (Id. at ¶¶ 7- 9).  Agosto further alleges that while incarcerated, Selena was tased several times and dragged to the gymnasium because she was unable to walk due to her diabetes. (Id.). Agosto further alleges that Selena was released from custody due to the deterioration of her health, but while incarcerated Selena suffered at least two seizures, one of which occurred about two weeks before she died on November 7, 2023. (Id. at ¶¶ 13-15).  Agosto contends correctional officers were negligent

1

and seeks damages under Mont. Code Ann. § 27-1-501 (survival action) and Mont. CodeAnn. § 27-1-513 (wrongful death). (Id. at ¶ 18).

USA has filed a motion for summary judgment and briefs in support. (Doc. 23, 24 and 36). Agosto opposes the motion. (Doc. 29). The Court heard oral argument on July 28, 2026.

## II. BACKGROUND

USA states that Selena was booked into the Fort Peck Correctional Facility on September 11, 2023, on drug charges and was released on October 11, 2023. (Doc. 24 at pp. 5-6). USA contends that Agosto's claims that during Selena's incarceration she was tased and dragged on the floor constitute allegations of intentional torts that are barred under the Federal Torts Claim Act's (FTCA) intentional tort exception. (Doc. 24 at pp. 9-11). USA further contends that Agosto's medical neglect claim fails because Selena did not die due to untreated diabetes based upon the following factors: the correctional officers knew of her diabetic condition and checked her blood sugar and administered treatment on a daily basis; when Selena was released from custody her blood sugar was normal; at the time of Selena's death on November 7, 2023, four weeks after her release, she had a normal blood sugar level; and the medical examiner concluded Selena died from "acute methamphetamine toxicity", with diabetes listed as "other contributing condition". (Id. at p. 13). The USA's expert, Dr. John Kendall, in consideration of the above factors has concluded "to a reasonable medical certainty, Selena did not die from untreated diabetes mellitus." (Id. at p. 15). During oral argument, USA argued that based on these undisputed

facts, there's no causal connection between any treatment and care Selena received at the correctional facility and her death four weeks after the fact.

Agosto argues that the USA is requesting "the Court to resolve disputed medical causation, disputed correctional-standard of care issues and disputed inferences from Fort Peck Adult Correctional Facility's own records," all of which are issues for trial, not summary judgment (Doc. 29, p. 1).

## II. LEGAL STANDARDS

Fed. R. Civ. P. 56 (a) provides a party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-52 (1986).

Once the moving party meets its initial burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but … must set forth 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*. at 324. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable

inferences in the non-moving party's favor. *Anderson* at 255.

## III. DISCUSSION

### A. The intentional tort exception does not bar Agosto's negligence claim.

USA argues that the gravamen of Agosto's claim that correctional officers tased Agosto and dragged her on the floor are intentional torts barred by 28 U.S.C. § 2580(h) of the FTCA.  (Doc. 24, pp. 9-12). Agosto counters that the tasing and dragging allegations are part of factual evidence showing how the Fort Peck Correctional Facility treated a known diabetic's medical deterioration as misconduct than a medical emergency, illustrating that negligence did not arise out of the tasing and dragging, but rather the tasing and dragging were symptoms of the negligence. (Doc. 29 at p. 7 ).

The intentional tort exception does not bar negligence claims based on duties independent of the intentional tort. *Sheridan v. United States*, 487 U.S., 392, 401-403).  In this case, Agosto contends the negligence claims are based on the "independent correctional and medical duties, including screening at booking, confirming insulin prescriptions, providing physician-supervised diabetes care, responding to high and low glucose readings, seeking medical input when medical conditions may explain behavior, providing mental-health care after self-harm, and planning discharge." (Id.).  Therefore, Agosto argues that the gravamen of his complaint is medical neglect and failure to protect Selena's health, which are not barred by the intentional tort exception. (Id., at p. 8).  Agosto contends the Court should conclude that damages may not be awarded for the intentional battery conduct of the correctional officers, but the intentional tort exception should not

bar the medical-negligence and wrongful death theories. (Id.).

The Court agrees that the allegations that correctional officers tased and dragged Selena, although intentional acts, do not constitute the gravamen of Agosto's complaint. Agosto's negligence claim is based upon the alleged medical neglect of Selena during the month that she was incarcerated at the Fort Peck Correctional facility and its alleged failure to provide an appropriate discharge plan. Therefore, the intentional tort exception to the FTCA does not bar Agosto's medical neglect claims.

**B. Competing medical expert opinion testimony precludes summary judgment.**

Both parties have retained experts. USA's expert, Dr. Kendall, opines that; (1) Selena did not die from untreated diabetes; (2) there's no recognized physiological mechanism by which poorly controlled diabetes during incarceration would later produce death in the presence of a normal blood glucose level at autopsy. (Doc. 24 at p. 15).  During oral argument, USA argued that this key undisputed fact illustrates that there is no causal connection between the care she received at the correctional facility and her death four weeks after the fact.  Further, USA contends that Agosto's expert, Dr. Ryan Herrington, has provided a report that offers numerous unsupported conclusory assertions, but  has not offered any opinion or explanation of what the facility could have done in the four week period between the time she was released and the time she died.

Agosto counters that Dr. Herrington's opinion states that Selena's glycemic instability, seizure history, uncontrolled diabetes, self-harm and untreated substance-use disorder were part of the causal pathway. (Doc. 29 at p. 2).  Dr. Herrington opines that the

Fort Peck Correctional Facility's failures more likely than not caused her death by leaving her uncontrolled diabetes, substance use-disorder, and self-harm risk untreated and by releasing her into a position of unacceptable risk. (Id. at p. 6). Agosto contends that the court need not decide which expert is correct but need only to determine whether a reasonable factfinder could credit Agosto's expert, and if so, summary judgment should be denied. (Id.).

A wrongful death claim encompasses all the elements of a negligence claim, which requires proving "(1) breach of an existing duty (2) that proximately caused (3) an injury." *Singh v. Nat'l Railroad Passenger Corp.* 799 Fed.Appx., 516, 517 (9th Cir. 2020). "Ordinarily, proximate cause is a question of fact which cannot be decided as a matter of law." *Lorenzo v. Calex Engineering, Inc.*, 110 Cal. App. 5th 49, 72. (2025). Causation is ordinarily a fact question for the trier of fact unless reasonable minds could reach only one conclusion. *Busta v. Columbus Hospital*, 916 P.2d. 122 (Mont. 1996). When two or more causes concur to bring about an event, then cause-in-fact is established by the "substantial factor test." *Oberson v. U.S. Dept. of Agriculture, Forest Service*, 514 F.3d 989, 1000 (9th Cir. 2008), citing *Sletteland v. Roberts*, 16 P.3d 1062, 1067 (Mont. 2000).

USA argues that the Court should exclude Agosto's expert report under Fed. Rule of Evid. 26 and Fed. R. of Evid. 702 because his opinions are based on bald conclusions with no explanation of the basis and reasons or how the medical records support the conclusions. (Doc. 24 at pp. 15-16). USA argues that because Dr. Herrington cannot say whether Agosto's death was caused by either methamphetamine or diabetes, he can't claim

with medical certainty that it was caused by both. (Id. at p. 17). USA further argues that Dr. Herrington's failure to address Dr. Kendall's conclusion that Selena did not die from untreated diabetes makes Dr. Herrington's testimony unreliable and inadmissible under Rule 702. (Id. at pp. 18-19).

Agosto argues that Dr. Herrington is a qualified expert under Rule 702 to provide the opinions offered. (Doc. 29 at p. 12). USA's remedy is not to exclude his testimony, but to attack his opinions "by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." (Id. at p. 13, citing *Priminao v. Cook*, 598 F.3d. 558, 564. (9th. Cir. 2010).

The Court agrees. Dr. Herrington meets the qualifications as an expert. Dr. Herrington opines that the Fort Peck Correctional Facility's medical neglect of Selena, including failing to provide a proper discharge plan, was a substantial factor in her death. This opinion can be challenged through cross-examination and through Dr. Kendall's contrary opinions. Given the competing medical opinions, summary judgment is not appropriate. A factual question exists regarding whether the alleged medical neglect by the correctional officers was a substantial factor in Selena's death.

**IV. CONCLUSION**

For the reasons stated above, USA's Motion for Summary Judgment is **DENIED**.

DATED this 3rd day of August 2026.

John Johnston
United States Magistrate Judge